IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| SHERREL JEAN COURVELLE, <br> ADC #707159 | * <br> * <br> * | |
| Plaintiff, | * | |
| v. | * | No. 4:25-cv-00387-JJV |
| | * | |
| Arkansas Department of Corrections, *et al.* | * <br> * <br> * | |
| Defendants. | * | |

**MEMORANDUM AND ORDER**

**I.     INTRODUCTION**

Sherrel Jean Courvelle ("Plaintiff") is an inmate at the McPherson Unit of the Arkansas Division of Correction. Plaintiff says Defendants ADC Director Dexter Payne, Deputy Director William Straughn, Warden Nurzuhal Faust, and Mailroom Supervisor Daniel Midgett have violated her rights to counsel, due process, and access the courts by delaying, searching, photocopying, destroying, and only giving her copies of her legal mail. (Doc. 5.) She also says Defendants retaliated against her for filing grievances about the handling of her legal mail by searching her cell, restricting her telephone and visitation rights, and denying her permission to participate in the Act 309 program. She now seeks a preliminary injunction to, *inter alia*, require prison officials to cease scanning, copying, and destroying her privileged correspondence, and retaliating against her. (Doc. No. 20 at 1-2.) For the following reasons, I find the Motion should be denied.

**II.    STANDARD**

In considering whether to grant injunctive relief, the Court must consider the following factors: (1) the threat of irreparable harm to the movant; (2) the state of the balance between this

harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest. *Dataphase Systems, Inc. v. C L Systems, Inc.*, 640 F.2d 109, 113 (8th Cir. 1981) (*en banc*). No single factor is dispositive. *Id*. Absent a showing of real or immediate threat, however, there can be no showing of irreparable injury. *Randolph v. Rogers*, 170 F.3d 850, 856 (8th Cir. 1999) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

A preliminary injunction is appropriate to grant intermediate relief "of the same character of that which may be granted finally," but inappropriate for dealing with matters "lying wholly outside the issues in the suit." *DeBeers Consol. Mines Ltd. v. United States*, 325 U.S. 212, 220 (1945). The moving party bears the burden of proving that a preliminary injunction should be issued. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Id*. (*quoting Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)).

### III. DISCUSSION

After careful consideration of Plaintiff's Motion, I find it must be denied for the following reasons. First, Plaintiff's Motion lacks any details for the Court to determine how she is being harmed. For example, she says, "The Attorney General's Office is denying the mishandling of privileged legal correspondence, so an order would insure [*sic*] future constitutional rights would not be violated and insure [*sic*] ADC [Administrative Directives and Administrative Rules] are followed." (Doc. No. 20 at 1-2.) She fails to state how any of the Defendants are violating her rights since filing this cause of action. Second, Plaintiff seeks "immediate release" from prison and monetary damages, an "order to cease all scanning, copying and destruction of privileged legal

2

correspondence" and the termination of Defendant Midgett. (*Id.*) Many of these forms of relief are not available to Plaintiff, even if she wins. And the primary purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable harm from occurring prior to a court's opportunity to rule on the lawsuit's merits. *See Dataphase*, 640 F.2d at 113 n.5. Here, Plaintiff is attempting to obtain affirmative relief available to her only upon prevailing with her lawsuit, rather than preserve the *status quo*. Accordingly, I conclude Plaintiff is not entitled to a preliminary injunction pursuant to Fed. R. Civ. P. 65(a).

### IV.   CONCLUSION

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for a Preliminary Injunction (Doc. 20) is DENIED.

2. I certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Memorandum and Order would not be taken in good faith.

DATED this 15th day of July 2025.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3